**UNITED STATES OF AMERICA, ex rel. R.C. TAYLOR III, Plaintiff,**

v.

**Mario GABELLI, et al., Defendants.**

**No. MISC.04–534 RJL.**

United States District Court,
District of Columbia.

May 2, 2005.

Paul B. Gaffney, Williams & Connolly LLP, Washington, DC, for Plaintiff.

Jeffrey Robbins, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., Boston, MA, Thomas J. Fleming, Olshan Grundman Frome Rosenzweig & Wolosky, LLP, New York, NY, Lanny A. Breuer, Carolyn Frances Corwin, Lanny A. Breuer, Covington & Burling, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

LEON, District Judge.

Presently before the Court is defendants' Motion to Compel the Federal Communications Commission ("FCC") to comply with a subpoena pursuant to Federal Rules of Civil Procedure 37 and 45.[1] Upon due consideration of the parties' submissions, oral argument, and the entire record herein, the Court, for the following reasons, DENIES the defendants' Motion.

## ANALYSIS

■ The FCC asserts, as a threshold issue, that defendants' instant motion should be denied because Federal Rule of Civil Procedure 45 ("Rule 45") does not provide a

---

**1.** This Motion is brought by the defendants in a False Claims Act *qui tam* lawsuit, 31 U.S.C. 3729, *et seq.*, pending in the United States District Court for the Southern District of New York. *See United States of America ex rel. R.C. Taylor III v. Mario Gabelli, et al.*, Civ. Action No. 03–8762 (S.D.N.Y.) (SAS) ("underlying action"). In the underlying action, the relator asserts that the defendants defrauded the United States by making false statements or material omissions concerning their status as small or very small businesses qualifying for bidding credits in spectrum license auctions under the FCC's designated entity program.

basis upon which to compel the requested discovery. FCC's Mem. in Opp'n to Defs.' Mot. to Compel ("FCC's Opp'n Mem.") at 18. More specifically, the FCC argues that because the United States is not a "real party in interest" to the underlying action and the term "person" as used in Rule 45 does not include the federal government when it is not a party, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, is the defendants' only means to challenge the non-party FCC's failure to comply with the subpoena at issue. *Id.* The Court agrees, and for the following reasons DENIES the defendants' motion.

The underlying law suit was filed by the relator, R.C. Taylor III, "on behalf of the United States" in February 2001, but the Department of Justice declined to intervene in the action in October of that same year. Defs.' Mem. in Support of Mot. to Compel ("Defs.' Mem.") at 4. Neither the defendants, nor this Court, have found any case law, binding upon this Court, which supports the proposition that the federal government is a real party in interest to a *qui tam* action when it elects *not* to intervene.[2] Indeed, if the federal government remains a real party in interest when it declines to intervene, what sense is there in Congress providing them with the declination option in the first instance? Simply stated, Congress, to-date, has not seen fit to amend either existing *qui tam* legislation or the APA, or both, to insure that the relevant government agency remains a party in interest under Rule 45 when the Department of Justice declines to intervene.

Until Congress does so, it is not the province of this Court to judicially amend them by so deciding. *See, e.g., Terrace Gardens Plaza, Inc. v. N.L.R.B.,* 91 F.3d 222, 228 (D.C.Cir. 1996) (noting that "[i]t is not the role of the court to promulgate new rules, or exceptions to existing rules").

The Court's inquiry, however, does not end there because the defendants argue in the alternative that the FCC can nonetheless be compelled under Rule 45 to comply with the subpoena as a "person" who has received a third-party subpoena. I disagree. While our Circuit Court has held that no jurisdictional barriers exist preventing a district court from ordering the federal government to comply with a subpoena issued under Rule 45, *Linder v. Calero–Portocarrero,* 251 F.3d 178, 180–81 (D.C.Cir.2001),[3] it has not resolved the specific issue of whether the word "person" in Rule 45 in fact includes the federal government.[4] *Id.* at 181 (acknowledging that while its "past decisions assumed that 'person' includes the federal government," it has "never expressly so held"). In *Linder,* the Circuit Court stated that the assumption that "person" includes the federal government "may need to be reexamined" after its decision in *Al Fayed v. CIA,* 229 F.3d 272 (D.C.Cir.2000), which interpreted the use of "person" in 28 U.S.C. § 1782 to *exclude* the federal government. *Id.* at 181. Indeed, the Supreme Court itself "has repeatedly held that the word 'person' in a statute does not include a sovereign government absent affirmative evidence of such an inclusory intent[,]" and "has construed prior

---

**2.** The Court recognizes, however, that other jurisdictions have held otherwise. *E.g., United States of America ex rel. Kreindler & Kreindler v. United Techs. Corp.,* 985 F.2d 1148, 1154 (2d Cir.1993); *United States of America ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.,* 961 F.2d 46, 48 (4th Cir.1992). Furthermore, at least two Judges in this Court have joined with the weight of authority from other jurisdictions. *E.g., United States of America ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F.Supp.2d 10, 16 (D.D.C.2003); *United States of America ex rel. McCready v. Columbia/HCA Healthcare Corp., et al.,* 251 F.Supp.2d 114, 119–20 (D.D.C.2003). However, neither the Supreme Court, nor our Circuit Court, have resolved this issue. And, perhaps more importantly, Congress has not seen fit to-date to amend existing *qui tam* legislation or the APA so as to automatically provide

that the government be so designated when it declines to intervene.

**3.** Indeed, the Court stated that "sovereign immunity does not insulate the federal government from complying with a Rule 45 subpoena, because in federal court the government has waived its sovereign immunity for actions seeking relief other than money damages in 5 U.S.C. § 702." *Linder,* 251 F.3d at 181 (internal quotations omitted).

**4.** Rule 45 states, in pertinent part: "Every subpoena shall ... command each *person* to whom it is directed to attend and give testimony or to produce and permit inspection and copying" of documents or tangible things. FED. R. CIV. P. 45(a)(1)(c) (emphasis added).

**176**

similar language to exclude the United States[.]" *Al Fayed,* 229 F.3d at 274 (citing *United States v. United Mine Workers of America,* 330 U.S. 258, 275, 67 S.Ct. 677, 91 L.Ed. 884 (1947)); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72, 82–83, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991) (noting that statutes employing the word "person" are typically interpreted to exclude the sovereign). And while this "longstanding interpretative presumption that 'person' does not include the sovereign" is not "a hard and fast rule of exclusion," *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 778–82, 120 S.Ct. 1858, 1866–67, 146 L.Ed.2d 836 (2000), the party seeking to invoke the rule must offer a sufficient basis to disregard the presumption, *Int'l Primate,* 500 U.S. at 83, 111 S.Ct. 1700.

In this case, however, the defendants have not offered *any* basis that would justify overriding this presumption. *See Al Fayed,* 229 F.3d at 276–77 (noting that the plaintiff provided no "affirmative evidence to disturb the presumption that 'person' excludes the sovereign"). Accordingly, the Court finds that the term "person" in Rule 45, in the absence of a satisfactory basis to override this interpretive presumption, does not include the federal government. Thus, it is incumbent upon the defendants to employ the APA to obtain the relevant discovery from the FCC.

## CONCLUSION

For the foregoing reasons, the Court DENIES the defendants' motion to compel. An appropriate order will issue with this Memorandum Opinion.

### *FINAL JUDGMENT*

For the reasons set forth in the Memorandum Opinion issued on this date, it is, this 2nd day of May, 2005, hereby

**ORDERED** that the defendants' Motion to Compel [#1] is DENIED.

**SO ORDERED.**